UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| KAREN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-01907-LKK-EFB<br><br><u>CLASS ACTION</u><br><br>**ORDER RE PROTECTIVE ORDER**<br><br>The Hon. Lawrence K. Karlton |

**FINDING THAT GOOD CAUSE EXISTS, IT IS HEREBY ORDEREDE THAT:**

The disclosure and use of documents that contain or disclose proprietary, financial, commercially sensitive, or otherwise confidential or private information be limited as follows:

1. Any documents or information produced or disclosed that the producing party or person in good faith contends contains financial, proprietary, commercially sensitive, or otherwise confidential or private information may be

designated "Confidential" under this Protective Order.  A document may be designated "Confidential" by (a) stamping or otherwise inscribing the word "CONFIDENTIAL" on a document, (b) providing written notice to the parties that a document or information contained in a document is "Confidential", or (c) communicating in deposition that testimony or other information is "Confidential" and protected under this Protective Order.

2. "Confidential Information" includes any information contained in documents or testimony designated "Confidential" under paragraph 1 above and may include, without limitation, (i) pleadings, discovery documents, papers, tapes, documents, computer disks, data, charts, graphics, and other tangible things produced by or obtained from any person in connection with this litigation; (ii) transcripts of depositions, arbitrations, or court proceedings, and exhibits thereto; and (iii) all copies, extracts, and summaries prepared from such papers, testimony, documents, or things.

3. Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Confidential Information shall be used solely as necessary for this litigation and the preparation and trial of this case and/or any related appellate proceeding.  Confidential Information shall not be used for any other purposes including, but not limited to, other litigation or any business, competitive, or governmental purpose or function. Nothing in this Stipulation and Order is intended to affect or restrict the manner in which Confidential Information is or may be used by the disclosing individual or entity.

4. In the event disclosure of Confidential Information is so ordered by a court, administrative agency, or similar governmental or regulatory body of

competent jurisdiction, the party subject to the relevant order shall inform the designating party with as much notice as is practicable under the circumstances, so that the designating party may make a motion or take other action to preserve the confidentiality of the information.

5. Confidential Information shall be maintained in confidence by the person to whom such Confidential Information is produced or disclosed. Confidential Information shall not be disclosed to any other person or entity except:

   a. The Court;

   b. Counsel for parties, and the legal associates, clerical or other support staff who are employed or retained by counsel and are assisting in this litigation;

   c. Parties, and directors, officers, or employees of parties to the extent reasonably necessary to assist in the prosecution or defense of this litigation; and

   d. Expert witnesses or consultants retained by parties or their counsel in connection with this litigation, as well as percipient witnesses, if such witnesses reasonably require access to Confidential Information to assist counsel in this litigation or to provide testimony.

6. The foregoing is without prejudice to the right of any party to: (a) apply to this Court for a further protective order relating to Confidential Information or relating to discovery in this litigation; (b) object to the production of documents it considers not subject to discovery; (c) apply to the Court for an order

compelling production of documents; or (d) apply to the Court for an order determining that information designated Confidential under paragraph 1 does not contain financial, proprietary, commercially sensitive, or otherwise confidential or private information and is therefore not subject to this Protective Order.

7. Nothing contained in this Stipulation shall be construed to prejudice the rights of a party to use Confidential Information before the Court, arbitrator, or mediator. However, before doing so, the party intending to use Confidential Information shall so inform the designating party who may request appropriate protection for the Confidential Information from the Court, arbitrator, or mediator, including bringing a motion to file under seal any Confidential Information to be filed with the Court, or clearing the courtroom of persons not entitled hereunder to such Confidential Information. Before filing any Confidential Information with the Court, the party intending to use the Confidential Information will provide the designating party with at least five (5) days notice, within which time, the parties shall meet and confer regarding the need to bring a motion to file under seal, pursuant to Local Rule 141.

8. If, in a hearing or other proceeding before the Court, a party intends to disclose or reveal Confidential Information, other than documents filed or lodged under seal in connection with a hearing or proceeding under paragraph 7, then before the hearing or proceeding commences, that party shall inform the designating party with at least five (5) days notice, so that the designating party may make a motion or take other action to preserve the confidentiality of the information.

9. Any objections as to the admissibility of Confidential Information are reserved and are not waived by the terms of this Stipulation and Order.

10.     The parties' legal remedies are inadequate to prevent the use or disclosure of Confidential Information covered by this Stipulation and Order. Therefore, the parties agree that injunctive relief is an appropriate remedy to prevent any person or party from using or disclosing Confidential Information in violation of this Stipulation and Order.  In the event any party to this action, or any other person or entity, violate or threaten to violate any of the terms of this Stipulation and Order, the parties agree that either party, with appropriate notice, may apply to the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Stipulation and Order.  In the event a party applies to the court, the responding party, person or entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a claim that there exists an adequate remedy at law.  The parties and any other persons subject to the terms of this Stipulation and Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this order.  The parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief.

11.     Inadvertent disclosure of Confidential Information during discovery, arbitration, mediation or trial of this action, or inadvertent disclosure of Confidential Information without appropriate designation, shall be without prejudice to any claim that such information is private and confidential and no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

12.     If Confidential Information is disclosed to any persons other than in the manner authorized by this Stipulation and Order, the person or party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights and remedies of any party and make every effort to prevent further disclosure by it or by the person who receives such information.

13. Sanctions for inadvertent or intentional disclosure of Confidential Information shall be decided by the Court, after opportunity for briefing and argument by the parties.

14. Within thirty (30) days after the final disposition of this proceeding, whether through final judgment or otherwise, including all appeals, each party subject to this Protective Order shall assemble and return to the producing individual or entity, upon request, all documents containing Confidential Information, including all copies of such documents that may have been made, but not including copies containing notes or other attorney work product that may have been placed there by counsel for the receiving party and not including documents filed with the court.  All copies containing notes or other attorney work product of the receiving party or his/her attorneys and documents filed with the court may be maintained by the receiving party for a period of 7 years after the final disposition of this action.  The Confidential Information in such documents shall not be disclosed, however, except to defend against a malpractice or other similar action.  In the alternative, at the option of the receiving party that is requested to return such documents, all documents containing Confidential Information may be destroyed on the condition that the receiving party shall provide the producing individual or entity written confirmation of destruction, which shall be under penalty of perjury under the laws of the United States.

15. All obligations and duties arising under this Stipulation and Order shall survive the termination of this action.  The Court shall retain jurisdiction over the parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

1        16.     This Stipulation and Order may be amended and exceptions may
2 be made only by written stipulation of the parties or by order of the Court for good
3 cause shown on noticed motion.  This Stipulation and Order is intended to regulate
4 the handling of Confidential Information during the entirety of this litigation
5 through appeal and thereafter, and shall remain in full force and effect until
6 modified, superseded or terminated on the record or by agreement of the parties to
7 this litigation and any pertinent third parties or by order of the Court.

         IT IS SO ORDERED.

Dated: December 13, 2012.          _____
                                   EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

-7-

SMRH:407604035.2                                [PROPOSED] ORDER re PROTECTIVE ORDER